IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLYDE WILLIAM THIGPEN,

    Petitioner,                    No. CIV S-11-1241 EFB P

vs.

TERRI L. GONZALEZ,

    Respondent.                ORDER

_____/

    Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. On May 16, 2011, he filed a motion for discovery. For the following reasons, petitioner's motion for discovery is denied.

    Petitioner seeks to obtain contact information for the psychiatrist whom he claims had diagnosed him with mental illness at the time of his alleged crime. He argues that the psychiatrist's medical reports will demonstrate that his counsel rendered ineffective assistance in failing to investigate his mental health.[1]

    "A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure, and may limit the extent of discovery." Rule 6(a), Rules Governing

---

[1] Petitioner has filed exhibits in support of his traverse brief that appear to contain at least some of the medical records at issue. *See* Dckt. No. 22.

1

§ 2254 Cases. But under the Antiterrorism and Effective Death Penalty Act of 1996, a federal court cannot grant relief on any claim adjudicated on the merits by a state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Recently, the United States Supreme Court held that in determining the reasonableness of a state court's ruling under § 2254(d)(1), federal courts are "limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, __ U.S. __, 131 S.Ct. 1388, 1398 (2011). The court explained that "evidence later introduced in federal court is irrelevant to § 2254(d)(1) review." *Id.* at 1400. Under *Pinholster*, district courts must determine whether a petitioner's claims survive the § 2254(d)(1) standard on the basis of the state record alone, without reliance on evidence developed in federal evidentiary hearings.

Until a petitioner can overcome § 2254(d), it is not an abuse of discretion for this court to deny discovery on those claims. *See Woods v. Sinclair*, 655 F.3d 886, 904 n. 10 (9th Cir. 2011) (because the federal habeas court's review was limited to the record before the state court, there was "no need to afford [petitioner] an opportunity to develop evidence in support of his argument that the state court unreasonably applied" federal law, and thus, the district court properly denied an evidentiary hearing); *Kemp v. Ryan*, 638 F.3d 1245, 1260 (9th Cir. 2011) ("Because Kemp is not entitled to an evidentiary hearing, the district court did not err in denying his request for discovery").

Since this court may not consider anything beyond the state court record to decide whether petitioner can overcome § 2254(d), it would be a waste of resources to permit petitioner to obtain discovery at this time.

1 | Accordingly, it is ORDERED that petitioner's motion for discovery is denied.
2 | Dated:   February 21, 2012.

*[Signature]*

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE